IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD ZEBROWSKI,<br>                      Defendant. | Criminal Action Number 3:96CR41<br>Civil Action Number 05CV879 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on pro se Defendant Ronald Zebrowski's Motion to Withdraw his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). Also before the Court are Defendant's Motion to Withdraw his § 2255 Motion and the Government's Motion to Dismiss Defendant's § 2255 Motion. For the reasons state below, Defendant's Motion Vacate his Sentence pursuant to § 2255 is DENIED. Defendant's Motion to Withdraw his § 2255 Motion is DENIED. The Government's Motion to Dismiss Defendant's § 2255 Motion is hereby GRANTED.

I.

On November 26, 1996, Defendant pleaded guilty to one Count of Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848. On March 4, 1997, this Court sentenced Defendant to life imprisonment, five (5) years supervised release, and a special assessment. Defendant's sentence became final ten days later, on March 14, 1997. See Fed. R. App. P. 4(b). On March 4, 1998, the Government filed a Motion for Reduction of Sentence pursuant to Federal Rule of Criminal Procedure 35(b). On March 6, 1998, Defendant's retained counsel passed away. On January 18, 2000, this Court reduced Defendant's sentence to a term of three hundred sixty (360)

months.  Defendant filed the instant § 2255 Motion on December 27, 2005.  On January 26, 2006, the Government filed a Motion to Dismiss Defendant's § 2255 Motion.  Defendant has not responded to the Government's Motion to Dismiss.  On February 7, 2006, the Court received Defendant's Motion to Withdraw his 28 U.S.C. § 2255 Motion.

II.

Defendant requests that his current § 2255 Motion be completely withdrawn because he was "misled by incarcerated inmates that study law."  Defendant is not permitted to voluntarily withdraw his current Motion.  First, he signed under penalty of perjury, and is responsible for knowing what is in his verified motion.  Second, for the reasons discussed below, Defendant is procedurally barred from filing a § 2255 Motion by the one-year deadline.

III.

Defendant's Motion is time barred.  He alleges that he instructed his now deceased attorney to file a notice of appeal of the sentence and the attorney failed to do so.  Defendant's § 2255 Motion is not timely, because it is outside of the one year limitation in which he may file a § 2255 Motion. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996.  AEDPA amended 28 U.S.C. § 2255 by imposing a one year statute of limitations period for the filing of a motion to vacate.  In pertinent part, § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's instant Motion, eight years after his sentence became final, is the first time he claims he instructed his attorney to file a notice of appeal. Defendant's motion is time-barred by the one-year limitation period under 28 U.S.C. § 2255(1).

IV.

Even if Defendant's Motion was timely, there was no error in his Counsel's failure to file an appeal. Defendant waived his right to appeal his sentence in his signed Plea Agreement. He averred that he knowingly:

> waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

See Plea Agreement, at 3, Dkt No. 254.

Defendant's signed plea agreement further attests:

> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

Id. at 10.

The Fourth Circuit Court of Appeals has long recognized that a criminal "defendant may waive his right to appeal directly from his conviction." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Such a waiver is effective only insofar as it is the result of a knowing and intelligent decision to forego the right to appeal. United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Whether Defendant's waiver is valid depends "upon the particular facts and circumstances surrounding [the waiver], including the background, experience and conduct of the accused." United

States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). Here, attorneys for Zebrowski attested they had "carefully reviewed every part of this plea agreement with defendant" and that, to their knowledge, "the defendant's decision to enter into this agreement is an informed and voluntary one." Zebrowski's waiver of his appellate rights was confirmed by this Court when the plea was accepted following a Rule 11 colloquy. A Defendant's declarations in open court affirming a plea agreement "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Zebrowski does not allege that his plea was not voluntary. He also does not allege that his plea was coerced or uninformed. In contrast, Zebrowski and his counsel state they fully understood the terms of the agreement. Zebrowski further affirmed that he had read the agreement and reviewed every part of it with counsel, and that he voluntarily agreed to it.

There are no extraordinary circumstances presented in this case which refute Mr. Zebrowski's written plea agreement and acknowledgment on the record that he understood and agreed to waive any appeals. As such, even if Mr. Zebrowski's attorney filed a timely notice of appeal, he would have been barred from such relief.

Accordingly, for the reasons stated above, it is hereby Ordered that Defendant's Motion to Vacate his Sentence (Dkt No. 657) is DENIED. Defendant's Motion to Withdraw his § 2255 Motion (Dkt No. 666) is DENIED. The Government's Motion to Dismiss Defendant's § 2255 Motion (Dkt. No. 660) is hereby GRANTED.

Let the Clerk send a copy of this Order to all parties of record.

It is SO ORDERED.

/s/ JAMES R. SPENCER
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this  6th  day of March 2006